United States District Court
Southern District of Texas
**ENTERED**
April 03, 2019
David J. Bradley, Clerk

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | | |
|---|---|---|
| MICHAEL PALMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-4561 |
| | § | |
| STATE OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

On November 30, 2018, Plaintiff, proceeding pro se and in forma pauperis, filed the present action against the State of Texas, Rolando Pablos,[1] Murl E. Miller,[2] Roland Altinger,[3] Ronnie Thomas,[4] Ann Harris Bennett,[5] "Judiciary Defendants," "Harris County District Clerk," "Senate Select Committee on Property Tax Reform," "Texas Judicial Council," and "Harris County Sheriff's Office In Rem Defendants."[6]

In the complaint, it appears that Plaintiff makes three claims: (1) a claim for prospective relief under 42 U.S.C. § 1983

---

[1] Mr. Pablos is denominated as the Texas Secretary of State. See Doc. 5, Pl.'s Compl. p. 2.

[2] Mr. Miller is denominated as the Special Counsel for Litigation in the State Comptroller's Office. See id.

[3] Mr. Altinger is denominated as the Chief Appraiser for the Harris County Appraisal District. See id.

[4] Mr. Thomas is denominated the Chair of the Harris County Appraisal Review Board. See id.

[5] Ms. Bennet is denominated as the Harris County Tax Assessor-Collector. See id.

[6] See id. pp. 1-4.

"for violation of Federal and State rights to have and hold property that has been properly ceded from the Republic/State of Texas through use of a contract;" (2) a constitutional challenge to Texas Tax Code sec. 11.01(a)-(b); and (3) a "takings" claim under 42 U.S.C. § 1983 for "collecting or attempting to collect funds in the form of Federal Reserve notes . . . in violation of 31 U.S.C. section 3124 and violating Texas Tax code sec. 31.01."[7]

On February 27, 2019, the court found that Plaintiff's complaint failed to comply with Federal Rule of Civil Procedure ("Rule") 8 and ordered Plaintiff to file an amended complaint that complies with Rule 8 within fourteen days of his receipt of the order.[8]  It has been more than thirty days since the court's order and Plaintiff has not amended his complaint or filed any other pleading.

The Federal Rules empower a district court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."  Fed. R. Civ. P. 41(b); see also Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). Dismissal for failure to prosecute may be upon motion of the defendant or sua sponte.  Clewis v. Medco Health Sols., Inc., No. 3:12-CV-5208-L, 2014 WL 840026, at * 3 (N.D. Tex. Mar. 4, 2014), aff'd, 578 F. App'x 469 (5th Cir. 2014) (unpublished).  The court's

---

[7]   See Doc. 5, Pl.'s Compl. pp. 11-12.

[8]   See Doc. 13, Ord. Dated Feb. 27, 2019.

authority is derived from the court's power to manage its own docket "to ensure the orderly and expeditious disposition of cases." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)(quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

Plaintiff has failed to comply with the court's February 27, 2019, order and has failed to prosecute his case. Accordingly, the court **RECOMMENDS** that Plaintiff's lawsuit be **DISMISSED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 3rd day of April, 2019.

_____
U.S. MAGISTRATE JUDGE